# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 25-2164

———————————————

United States of America

*Plaintiff - Appellee*

v.

Marquasia N. Davis, also known as Quay

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

——————————

Submitted: April 17, 2026
Filed: June 8, 2026
[Unpublished]

——————————

Before LOKEN, SHEPHERD, and STRAS, Circuit Judges.

——————————

PER CURIAM.

Marquasia Davis managed drivers and laundered money for an organization trafficking in drugs. After she pleaded guilty to a drug-conspiracy count, *see* 21

U.S.C. §§ 841(a)(1), (b)(1)(A), 846, the district court[1] varied downward to a sentence of 180 months in prison. She argues it should have been even lower.

We conclude otherwise. The record shows that the district court sufficiently considered the statutory sentencing factors, *see* 18 U.S.C. § 3553(a), and did not rely on an improper factor or commit a clear error in judgment. *See United States v. Feemster*, 572 F.3d 455, 461–62 (8th Cir. 2009) (en banc) (reviewing for an abuse of discretion). Among those it considered were her troubled upbringing and lack of criminal history. And although her boyfriend may have coerced her into joining the scheme, her extensive involvement was the reason she did not receive a lower sentence. *See United States v. McKanry*, 628 F.3d 1010, 1022 (8th Cir. 2011) (explaining that "it is nearly inconceivable" that a district court abused its discretion by refusing to vary downward even more (citation omitted)).

As she points out, she received a smaller downward variance than her co-conspirators, which may have led to a sentence above the national median for defendants with similar characteristics. But the court relied on its own assessment of the facts and circumstances and tailored the sentence to fit them. *See United States v. Dickson*, 127 F.4th 722, 730 (8th Cir. 2025) (noting that "relief based on a comparison to co-conspirators is . . . unusual" (citation omitted)); *United States v. Lemicy*, 122 F.4th 298, 312 (8th Cir. 2024) ("General comparison based on the Judiciary Sentencing Information table . . . does not demonstrate an abuse of the district court's sentencing discretion."). We accordingly affirm the judgment of the district court.

------------------------------

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.